GOODYEAR v. COOK.

(Filed September 9, 1902.)

MORTGAGES—*Trusts—Notice.*

> A trustee in a deed of trust, applying the proceeds as provided
> in the registered deed, is not chargeable with notice that the
> deed was improperly registered, because as attorney he had
> twelve years before drawn the deed of trust.

ACTION by J. M. Goodyear against Chas. A. Cook, heard
by Judge *Francis D. Winston,* at September Term, 1901, of
the Superior Court of WARREN County. From a judgment
for the plaintiff, the defendant appealed.

No counsel for the plaintiff.
*B. G. Green* and *F. H. Busbee,* for the defendant.

CLARK, J.   Upon the facts agreed, it appears that the de-
fendant, as attorney at law, on 1st April, 1886, drew a deed
in trust (which was not then signed nor delivered), to secure
two notes, one for $175, to Benjamin Goodyear, and the
other for $370, payable to Rebecca Goodyear. The party
for whom the paper was drawn took it away, and on 10th
June, 1886, it was recorded without any knowledge or agency
on the part of the defendant. The matter passed out of the
mind of the defendant till about the month of February,
1898, said Rebecca demanded that the defendant, as trustee,
should sell the land. The defendant asked for the trust deed
and was referred to the registry of the same and directed to
sell by that. As recorded, the trust deed named the defend-
ant as trustee, and required him "to pay in full the note to
Rebecca Goodyear, and the surplus, if any," to the grantor.
The property was duly advertised and sold 21st March, 1898,
when it was bought by said Rebecca at the price of $310,
which, being less than her debt, the amount of her bid was

credited on her note and the land was conveyed to her. The plaintiff did not become holder or owner of the $175 note till 1901, and neither Benjamin Goodyear, nor anyone else, prior to that time, gave the trustee notice of the $175 claim.

The following averment of the defendant is admitted by the plaintiff, *i. e.*: "The defendant had no knowledge or information whatsoever, nor any reasons to suspect or believe that there was any defect or error in the registration of said deed, and, in executing said powers, he was acting as agent for the parties to said deed, and used due care and caution in the discharge of said trust."

Upon the facts admitted, judgment should have been entered for the defendant. The mere fact that the defendant had once drawn a trust deed for the grantor, requiring payment of the $175 note out of proceeds of sale, as well as payment of the $370 note, which alone is required by the deed, as recorded, was no notice to him that the deed was improperly registered—certainly not after the admission that he did not have any "information or knowledge whatsoever, nor any reasons to suspect or believe that there was any defect or error in the registration of said deed of trust." Besides, the laches of the plaintiff and those under whom he claims, has been so gross as to deprive them of any standing in a Court of Equity, if there had been at any time any merit in his contention.

Reversed.